IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Civil Action No. 3:05-3037-MJP-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| KENDRA N. CHINA, ) | |
| ) | |
| Defendant. ) | **REPORT AND RECOMMENDATION** |
| ) | |

Plaintiff, the United States of America ("United States"), filed this action on October 25,

2005 pursuant to 28 U.S.C. § 1345. The United States seeks a judgment against Defendant Kendra

N. China ("China") for amounts the United States claims are owed. China, who is proceeding pro

se, filed what appears to be an answer on December 29, 2005.[1] The United States filed a motion for

summary judgment on March 29, 2006. China was advised on April 17, 2006, pursuant to Roseboro

v. Garrison, 528 F.2d 309 (4th Cir. 1975), of the importance of a motion for summary judgment and

the necessity for her to file an adequate response. China did not file a response.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine dispute of material fact and when

the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v.

Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). China, as the non-moving party, is entitled to have

---

[1]Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

the court construe all disputed facts and all reasonable inferences drawn therefrom in the most favorable light, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  Celotex Corp. v Catrett, 477 U.S. 317, 322 (1986).  A party wishing to oppose summary judgment must present evidence tending to raise a material and genuine factual dispute.  See Morrissey v. William Morrow & Co., 739 F.2d 962 (4th Cir. 1984), cert. denied, 469 U.S. 1216 (1985); Foy v. Norfolk and W. Ry. Co., 377 F.2d 243 (4th Cir. 1967), cert. denied, 389 U.S. 848 (1967); and Bradford v. School Dist., 364 F.2d 185 (4th Cir. 1966).

### FACTS

1.     China signed an Army Senior Officers' Training Corps ("ROTC") Scholarship Cadet Contract (the "Contract"), pursuant to 10 U.S.C. § 2005, on September 5, 1997 (see Plaintiff's Ex. B)[2], and obtained financial assistance through the ROTC program to attend school at Hampton University in Hampton, Virginia.

2.     There was a disbursement of $10,865 to China in Fiscal Year ("FY") 1998, a disbursement of $10,526 in FY 1999, and a disbursement of $10,805 in FY 2000.  See Plaintiff's Ex. A.

3.     In exchange for receiving these funds, China agreed (as set out in the Contract) to maintain a 3.0 grade point average (on a 4.0 scale) for all military science courses.  The Contract provides that failure to meet the requirements may result in disenrollment from the program

---

[2]"Plaintiff's Ex. ___ " refer to Exhibits to Plaintiff's Motion for Summary Judgment.

and recoupment of the financial assistance paid by the United States.  China signed the

Contract, indicating she understood these conditions.  See Plaintiff's Ex. B.

4. During the spring term of 2000, China received a grade of "F" in a military science class,

Transition to Officership, known as MSC 402.  She was given an opportunity to complete

the requirements of MSC during the following fall semester, but failed to do so.  On January

15, 2001, Lieutenant Colonel Wendell Turner ("LTC Turner"), Professor of Military

Science, counseled China on her course work obligations to ensure that she would be ready

to graduate in the spring of 2001 and receive her military commission.  China failed to

comply with these requirements.  See Abraham Phillips, Jr. ("Phillips")[3] Decl., Para. 8; see

also April 27, 2001 e-mail from LTC A.W. Wright (Ex. to Defendant's Answer).

5. LTC Turner mailed China a notice on May 2, 2001, advising her of her right to request a

hearing, consult counsel, and present evidence on her behalf.  The notice further provided

that if China requested a hearing and failed to appear, it would be considered a waiver of her

right to personally appear and the hearing would take place despite her absence.  The notice

again informed China that if she was disenrolled, she might be liable to reimburse financial

assistance amounting to $32,196 that she received from the government.  See May 2, 2001

Letter (Ex. to Defendant's Answer).  See Phillips Decl., Para. 9.

6. On June 29, 2001, China responded to the notice.  She requested a hearing and confirmed

her mailing address.  A board of officers (the "Board") was appointed to hear her case. The

president of the Board sent a notice to China by United States Mail, certified receipt

---

[3]Phillips is the lead Human Resources Management Specialist at the United States Army
Cadet Command.  Abrahams Decl., Para. 1.

("certified mail"), stating that the hearing would be held on October 8, 2001, at 10:00 a.m. The notice was sent to the address provided by China, but was returned as unclaimed. The date of the hearing was later changed to November 2, 2001, and a second notice was sent by certified mail. This letter was also returned unclaimed. See Phillips Decl., Paras. 10-12.

7.     A hearing was held on November 2, 2001. China did not appear. After examining the records and considering the evidence, the Board determined that China breached the Contract. See Phillips Decl. Para. 13; Report of Proceedings (Ex. to Defendant's Answer).

8.     In January 2002, a copy of the Board proceedings, along with notice of an opportunity to rebut the Board's decision, was sent via certified mail to a new address provided by China. The return receipt was signed on January 14, 2002, by a Jacquelyn Pichney. No rebuttal was received. See Phillips Decl., Para. 14.

9.     China was disenrolled from the Army ROTC on December 20, 2002, pursuant to the final decision of the Commander, Army Cadet Command, based on the Board's findings. In an accompanying letter, China was directed to reimburse the United States the amount of $32,196. The letter also advised China that she could appeal the action within fourteen days. No appeal was filed. See Phillips Decl., Paras. 5 and 15.

10.     The case was forwarded to the Defense Finance and Accounting Service for collection on March 5, 2003, in the amount of $32,196. The defense finance agency added to the principal amount an additional $239.76, for a subsistence allowance paid to China from April 7 to May 12, 2000, at the rate of $6.66 per day. The principal amount of $32,435.76 was forwarded to the United States Attorney's Office for enforced collection procedures Phillips Decl., Para. 16.

3:05-cv-03037-MJP     Date Filed 02/16/07     Entry Number 10     Page 5 of 8

11.     In November 2003, China completed a "Petition for Separation" with Hampton University,

citing medical reasons.  Her MSC 402 "F" grade for the Spring 2000 semester was changed

to withdrew failing or "WF".  See Separation Petition and Unofficial Transcript dated

September 16, 2005 (Exs. to Defendant's Answer).

## DISCUSSION

The United States contends that it is entitled to judgement as a matter of law because there

are no material facts in dispute.  As noted above, China never filed any materials in response to the

United States' motion for summary judgment.  In her answer, China appears to claim that she was

improperly found unfit to become an Army officer due to a bout with depression and that there was

no breach of the Contract based upon her failure to complete requirements, because the original

grade of "F" she received in course MSC 402 was later changed to "WF."

China asserts in her answer that she was incorrectly found unfit to become an Army Officer

due to LTC Wright's dissatisfaction with the progress of her treatment for depression.  This

assertion, however, is not relevant to the issue here, which is whether China is liable to reimburse

the government for the financial assistance she received pursuant to the Contract.

The undersigned has reviewed the materials submitted by the parties and finds that China

signed the Contract which provides that disenrollment "..may require [China] to reimburse the

United States through repayment of an amount of money, plus interest, equal to the entire amount

of financial assistance paid by the United States..."  Plaintiff's Ex. B, Para. 7.  China attended

Hampton University and obtained college credit for classes that were paid for by the United States,

conditioned upon her successful completion of the Contract.  China did not fulfill her part of the

Contract and is therefore liable for reimbursement of the monies paid.

In her answer, China also claims that there was no breach of the Contract based on a failure to maintain the required 3.0 GPA in military courses because her failing grade in MSC 402 was later changed to "WF."  Her transcript, at the time of the Board's hearing (November 2001), however, reflected a grade of "F" in MSC 402.  <u>See</u> Phillips Declaration, Para. 7.  China's grade was not changed from "F" to "WF" until November 2003, two years after the hearing and eleven months after China was disenrolled and informed that she owed the government $32,196.  <u>See</u> Petition for Separation (Ex. to Defendant's Answer).

China was given an opportunity to present her case before and after disenrollment.  She was given the chance to appear at the hearing before the Board, but failed to show.  She was given another opportunity to rebut the outcome of the Board's proceeding, but failed to do so.  In December 2002, the Commander, Army Cadet Command made the final decision to disenroll China.  China was given a chance to appeal the action, but failed to do so.

As of July 27, 2005, the total debt due to the United States by China was $40,420.03, which consists of $32,435.76 in principal, $862.63 in accrued interest, $35.00 for administrative fees, and $7,086.64 in penalty charges.  <u>See</u> October 6, 2005 Certificate of Indebtedness (Attachment to Complaint).  The United States, in its motion for summary judgment, requests that the Court grant summary judgment in its favor in the total amount of $40,673.83 as of March 22, 2006, which includes $32,435.76 principal, $7,121.64 in penalties plus interest at the rate of 1.2% per annum in the amount of $1,116.43.  Additional interest and costs are also requested.

<u>CONCLUSION</u>

It is, therefore, recommended that Plaintiff's motion for summary judgment (Doc. 8) be granted, and that a judgment in favor of Plaintiff be entered in the total amount of $40,673.83 as of

March 22, 2006, which includes $32,435.76 principal, $7,121.64 in penalties plus interest at the rate

of 1.2% per annum in the amount of $1,116.43; plus additional interest to the date of judgment,

together with interest accruing thereafter as provided in 28 U.S.C. § 1961, from the date of entry of

judgment until paid in full; plus costs of this action and future costs.

Respectfully submitted,

s/Joseph R. McCrorey
United States Magistrate Judge

February 16, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).